

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-80,396-01, WR-80,396-02

### EX PARTE ADAM LEWIS TRINIDAD, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. 11,317-A AND 11,318-A IN THE 46TH DISTRICT COURT
FROM WILBARGER COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two charges of sexual assault of a child and sentenced to ten years' imprisonment for each charge, to run consecutively.

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file notice of appeal. We remanded these applications to the trial court to afford counsel the opportunity to respond to Applicant's allegations. Counsel did not respond to the trial court's request for an affidavit addressing the allegations. The trial court has determined that counsel failed

to timely file notice of appeal. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgments of conviction in Cause Nos. 11,317-A and 11,318-A from the 46th District Court of Wilbarger County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: February 12, 2014
Do not publish